UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| GEORGE S. YEATON, ) | |
| ) | |
| ) | |
| v. ) | Criminal No. 04-123-P-S |
| ) | |
| ) | Civil No.   06-138-P-S |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

George Yeaton has filed a 28 U.S.C. § 2255 motion seeking relief from his federal guilty-plea conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(e). (Docket No. 1.)  Yeaton presses one ground that outlines the ways in which he believes his attorney delivered ineffective assistance and another ground labeled "Mental Duress," in which Yeaton asserts that he was in a lot of fear and was suicidal at the time of the criminal proceedings.  The United States has filed a motion for summary dismissal.  (Docket No. 20.)  Its first argument is that the motion is untimely under the 28 U.S.C. § 2255 statute of limitations and I recommend that the Court dismiss the motion on this ground.

*Discussion*

A one-year period of limitation applies to 28 U.S.C. § 2255 motions which, in most instances, runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255 ¶ 6(1).

Yeaton's judgment entered on May 18, 2005.  He did not take a direct appeal and his judgment became final ten days later, on May 28, 2005, when the time for taking this

appeal expired. See Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) ("We ... hold that, for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."); Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004) ("[A]n unappealed federal criminal judgment becomes final ten days after it is entered, for purposes of the § 2255 statute of limitations, at least where there has been no district court extension of appeal time for good cause or excusable neglect."); Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."); accord United States v. Prows, 448 F.3d 1223, 1228 (10th Cir. 2006). Yeaton did not file the current motion until August 8, 2006.

On his form 28 U.S.C. § 2255 motion, in the space provided for explaining the un-timeliness of the motion, Yeaton represents:

> I was under the impression that my Lawyer was filing all the paperwork right after the trial. He did not do so and I had just found out this recently. So now I am doing so on my own[.] I hope you will take into consideration That I thought my Lawyer was doing so.

(Sec. 2255 Mot. at 14.)[1]

The United States has attached to its motion to dismiss the affidavit of Yeaton's trial counsel. Therein, his attorney represents under oath:

> [A]fter sentencing, on May 18, 2005, I advised Mr. Yeaton that he had the right to appeal his conviction and sentence. I advised him that an appeal would likely be unsuccessful, but that I would be willing to file one on his behalf if he so requested.

---

[1] Yeaton has not filed a notice of appeal in his criminal case so I assume he is considering this 28 U.S.C. § 2255 motion as his "own" effort to seek redress.

2

> …Mr. Yeaton did not at that time, nor at any time subsequent to that conference, ask me to file an appeal on his behalf.

(Goodwin Aff. ¶¶ 3-4.) Yeaton has not replied to the United States' motion for summary dismissal of his 28 U.S.C. § 2255 motion.

I also note that, as part of the plea agreement, Yeaton signed a waiver of his right to appeal (Crim. No. 01-123-P-S, Docket No. 21.) And, vis-à-vis this agreement and his right to appeal, at the close of sentencing this Court informed Yeaton:

> Mr. Yeaton, you have entered into a plea agreement that waives some of your rights to appeal the conviction and sentence. Such waivers are generally enforceable. If you believe your waiver is unenforceable you can present that argument to the Court of Appeals.
> I must advise you that if you intend to appeal the conviction or sentence to effectively exercise that right of appeal you must cause to be filed with the clerk of this court within 10 days of today and not after that a written notice of appeal. If you fail to timely file that notice of appeal you will have given up your right to appeal the conviction and sentence.

(Sentencing Tr. at 99.) Yeaton indicated that he understood this (id.) and the Court explained: "If you cannot afford to file the appeal, an appeal will be filed without cost to you and on your request I will have the clerk of this Court immediately prepare and file that notice of appeal on your behalf" (id. at 100). Yeaton again told the Court that he understood this. (Id.)

The First Circuit does recognize the availability of equitable tolling in habeas cases, but Yeaton has not even attempted to make an adequate showing of his entitlement to this relief. See Cordle v. Guarino, 428 F.3d 46, 47-49 (1st Cir. 2005); Neverson v. Farquharson, 366 F.3d 32, 41-44 (1st Cir.2004). The court has before it Yeaton's assertion that he was "under the impression" that counsel was pursuing the appeal which is juxtaposed against Counsel's sworn statement that Yeaton never asked him to appeal the judgment. There is no activity on the criminal docket between the May 18, 2005,

entry of judgment and the August 9, 2006, filing of the 28 U.S.C. § 2255 motion; in other words, there is not even a hint that Yeaton was <u>diligently,</u> <u>cf.</u> <u>Johnson v. United States</u>, 544 U.S. 295, 311 (2005), attempting to appeal or pursue his post-conviction remedies.

## *Conclusion*

As reasoned above, I recommend that the Court summarily dismiss Yeaton's 28 U.S.C. § 2255 motion because it is untimely.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

January 26, 2007.

/s/Margaret J. Kravchuk
U.S. Magistrate Judge

4